## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY L. KARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-060-RAW-KEW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Tammy L. Karr (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 29, 1966 and was 45 years old at the time of the ALJ's decision. Claimant completed education through the ninth grade. Claimant has worked in the past as a shipping/receiving clerk and administrative clerk. Claimant alleges an inability to work beginning February 2, 2010 due to limitations resulting from fibromyalgia, osteoarthritis, and neck

and back pain.

## Procedural History

On January 4, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Doug Gabbard, II ("ALJ") on September 19, 2012 in McAlester, Oklahoma. The ALJ issued an unfavorable decision on November 9, 2012. On December 20, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work as an administrative clerk.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly assess her RFC by failing to properly weigh the medical opinion evidence and failing to include all of Claimant's severe impairments; (2) finding Claimant could return to her past relevant

4

work; (3) finding Claimant had transferrable skills and could perform two sedentary jobs; and (4) failing to properly evaluate Claimant's credibility.

## RFC Evaluation

In his decision, the ALJ determined Claimant suffered from the severe impairments of osteoarthritis, status post cervical fusion, status post right shoulder arthroscopic repair, and probable fibromyalgia. (Tr. 18). He concluded that Claimant retained the RFC to perform light work except that she could only occasionally perform overhead reaching. (Tr. 20). The ALJ determined Claimant could perform her past relevant work as an administrative clerk. (Tr. 27). Alternatively, after consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of appointment clerk and receptionist, both of which exist in sufficient numbers in the national and regional economies. (Tr. 28). The ALJ, therefore, concluded Claimant was not disabled. Id.

Claimant contends the ALJ failed to properly assess his RFC. Claimant first asserts that the ALJ improperly gave "little weight" to the functional assessment completed by her treating physician, Dr. Geo Chacko. On August 15, 2012, Dr. Chacko completed a Physical Residual Functional Capacity Assessment form on Claimant. Dr. Chacko opined that Claimant could occasionally and frequently

lift/carry less than 10 pounds, stand and/or walk for less than 2 hours in an 8 hour workday, sit less than about 6 hours in an 8 hour workday, and would be limited in her ability to push and/or pull with her lower extremities. (Tr. 402). He also found Claimant could never climb, balance, stoop, kneel, crouch, or crawl. (Tr. 403). In the area of the form for manipulative limitations, Dr. Chacko stated Claimant had limited reaching, handling, fingering, and feeling. (Tr. 404). He found Claimant should avoid all exposure to extreme cold, extreme heat, wetness, humidity, noise, vibration, fumes, odors, dusts, gases, poor ventilation, and hazards. (Tr. 405).

The ALJ discussed Dr. Chacko's statement including his functional findings. He concluded, however, that the restrictions imposed in Dr. Chacko's statement were not supported by Claimant's testimony that she did not have seizures, COPD, or other impairments which could reasonably be expected to cause these limitations. The ALJ stated "[i]t appears that Dr. Chacko merely checked the most extreme limitations listed on the form." He also appears to criticize the extent of Dr. Chacko's attendance of Claimant, stating that he saw her only sporadically with three office visits in 2010 and six visits in 2011 for minor complaints. (Tr. 26).

The ALJ only identifies discrepancies in the environmental limitations placed on Claimant without discussing whether the remainder of the opinion is entitled to any weight. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is

supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion.  20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted).  Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight."  Id.  "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so."  Watkins, 350 F.3d at 1301 (quotations omitted).  On remand, the ALJ shall consider whether the remainder of Dr. Chacko's opinion as a treating physician is entitled to controlling or any reduced weight employing the Watkins factors.

Claimant also contends the ALJ failed to include functional limitations in the RFC assessment for all of the severe impairments he found at step two.  The ALJ provided an inadequate explanation as to why Claimant's degenerative disc disease, osteoarthritis, and

"probable fibromyalgia" found at step two allowed her to perform a full range of light work with only the single restriction on her ability to do occasional overhead reaching. An explanation should be provided when, as here, an impairment found to be severe at step two is determined to be insignificant in later stages of the sequential evaluation. *See* Timmons v. Barnhart, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five.") [unpublished opinion]; *see also* Hamby v. Astrue, 260 Fed. Appx. 108, 112 (10th Cir.2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work.") [unpublished opinion]. On remand, the ALJ shall explain this apparent discrepancy.

### Step Four Determination

Claimant contends the ALJ failed to adequately explore the demands of her past relevant work as an administrative clerk before reaching his conclusions at step four that she could return to that work. In analyzing Claimant's ability to engage in his past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d

1017, 1023 (10th Cir. 1996). This Court has already determined error occurred at this juncture of the sequential evaluation.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The expert testified that Claimant's office manager job equated with an administrative clerk job under the *Dictionary of Occupational Titles* and that the skills required for the job included office skills, clerical skills, typing, appointment setting, clerical checking, and filing. (Tr. 52). This testimony was sufficient to ascertain the administrative job identified in the *DOT*. However, at no point did the ALJ inquire of the expert as to the particular skills required in Claimant's past relevant work. On remand, the ALJ shall specifically explore the demands of the work last performed by Claimant.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. Winfrey, 92 F.3d at 1023. The ALJ failed in this phase because the RFC he reached was faulty. On remand, the ALJ shall re-evaluate his findings under Winfrey after reassessing his RFD evaluation.

## Transferrable Skills from Past Relevant Work

Claimant contends the ALJ should have identified the skills specifically derived from her last employment as an office manager for the non-profit organization, the Rainbow Girls before finding such skills to be transferrable to other jobs identified at step five. "Transferrable skills" are those "skills that can be used in other jobs, when the skilled or semi-skilled work activities in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs." 20 C.F.R. § 404.1568(d). This requires an assessment of whether the same or a lesser degree of skill is required, whether the same or similar tools and machines are used, and the same or similar . . . products, processes, or services are involved." Id. The ALJ did not make the appropriate inquiry as to the skills that were actually obtained in her prior employment before determining that such skills were transferrable to other work. On remand, the ALJ shall re-examine the actual skills acquired at Claimant's prior employment before determining whether such skills are transferrable to other employment at step five.

## Credibility Determination

Claimant asserts the ALJ rejected her statements as to the extent and limitations of her impairments because "there is little

in the way of actual medical treatment." Claimant then identifies the treatment obtained from her treating physicians. In light of the other bases for remand, this Court would instruct the ALJ to reassess his credibility findings in light of the treatment and services obtained during the relevant period.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 17th day of February, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE